IRVING, P.J.,
for the Court:
¶ 1. A jury convicted Robert Chapman of conspiracy to commit armed robbery and armed robbery. The DeSoto County Circuit Court adjudicated Chapman a habitual offender and sentenced him to life imprisonment on both convictions, with the sentences to be served concurrently with each other, in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. Chapman filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the circuit court denied.
¶ 2. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶3. On December 26, 2006, Chapman and his nephew, Joshua Chapman,[1] robbed Dana Ozment, assistant manager of the Citgo Gas Station (Citgo) in Southaven, Mississippi, at gunpoint. Joshua served as Chapman’s getaway driver. The two drove away from the scene. Officer Jason Fernandez, with the Southaven Police Department, intercepted Chapman’s vehicle on Interstate 55 as the pair headed north for Memphis, Tennessee. Officer Fernandez attempted to initiate a traffic stop by turning on his blue lights, but Joshua did not stop the car. Instead, Joshua accelerated, traveling, at times, in excess of 100 miles per hour.
¶ 4. Once the pair crossed into the State of Tennessee, the Memphis Police Department joined the pursuit. Officers followed Chapman and Joshua into the parking lot of an apartment complex, where they were eventually arrested. The bank bag containing the Citgo’s deposit slip, Ozment’s purse, and a Glock pistol were recovered from the vehicle. Chapman confessed his involvement in the robbery to Memphis police officers but denied using a gun.
¶ 5. Prior to trial, Chapman claimed that his confession was taken in violation of his Miranda[2] rights and requested that the circuit court suppress the statement. After a suppression hearing, the circuit court determined that Chapman’s statement was made voluntarily and knowingly under the totality of the circumstances and that the law enforcement officers that interrogated Chapman did not violate Chapman’s Miranda rights. At trial, officers with the Southaven Police Department testified regarding the pursuit and apprehension of Chapman. Two officers from the Memphis Police Department testified to the evidence recovered. Ozment testified about the robbery and identified the recovered items. Joshua testified against Chapman, saying that they had agreed to “pull off a robbery,” that he was the getaway driver, and that Chapman actually committed the robbery. Chapman did not testify, and he did not offer any evidence.
¶ 6. Chapman is represented by the Mississippi Office of Indigent Appeals. Chap *689 man’s appellate counsel filed a brief with this Court pursuant to Lindsey v. State, 939 So.2d 743 (Miss.2005), and declared that he had searched the record but found that no arguable issues existed for appeal. Chapman’s appellate counsel also stated that he had mailed a copy of his brief along with correspondence to Chapman informing Chapman that he failed to find any arguable issues for appeal. He also informed Chapman that he had the right to file a pro se brief, which Chapman has failed to do.
¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. In Lindsey, 939 So.2d at 748 (¶ 18), the Mississippi Supreme Court outlined the procedure that must be followed when appellate counsel for an indigent criminal defendant determines that there are no arguable issues on appeal. Specifically, the court stated:
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4),(7); see also Smith v. Robbins, 528 U.S. 259, 280-81, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (stating that “counsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.”).
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Sanders v. State, 97 So.3d 1259, 1262 (¶ 13) (Miss.Ct.App.2012) (quoting Lindsey, 939 So.2d at 748 (¶ 18)).
¶ 9. Here, Chapman’s appellate counsel complied with the Lindsey requirements. He filed a brief in which he indicated that he had “diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on ... Chapman’s behalf in good faith for appellate review, and upon conclusion, ha[d] found none.” Chapman’s attorney specifically stated that, in the search for arguable issues, he examined: (a) the reason for Chapman’s arrest and the circumstances surrounding Chapman’s *690 arrest, (b) any possible violation of Chapman’s right to counsel, (c) the entire trial transcript, (d) all of the circuit court’s rulings, (e) possible prosecutorial misconduct, (f) all jury instructions, (g) all exhibits, whether admitted into evidence or not, (h) possible misapplication of the law in sentencing, (i) the indictment and all the pleadings in the record, (j) any possible ineffective-assistance-of-counsel issues, (k) issues relating to jury instruction, including inappropriate voir dire, misconduct of or affecting the jury, jury composition, and the number of peremptory challenges pursuant to Rule 10.01 of the Uniform Rules of Circuit and County Court, (l) any speedy trial issues in light of the Mississippi Supreme Court’s recent decisions, and (m) sentencing issues, particularly relating to amended indictments charging the defendant as a habitual offender and the proportionality of the defendant’s sentence. Chapman’s attorney also stated that he had informed Chapman that he found no arguable issues for appeal and advised Chapman that he had a right to file a pro se brief. As of this date, this Court has not received a pro se brief from Chapman.
¶ 10. After our own review of the record, we find no arguable issues that would require supplemental briefing. Also, we find no error that would warrant reversal. Accordingly, we affirm the circuit court’s judgment.
¶ 11. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, CONSPIRACY TO COMMIT ARMED ROBBERY, AND SENTENCE AS A HABITUAL OFFENDER OF LIFE; AND COUNT II, ARMED ROBBERY, AND SENTENCE AS A HABITUAL OFFENDER OF LIFE, WITH THE SENTENCE IN COUNT II TO RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. Joshua pleaded guilty to conspiracy to commit armed robbery. He received a "time-served sentence” and probation.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).